IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PETE MCMANUS,

    Plaintiff,

v.                                                         CASE NO. 1:17-cv-137-MW-GRJ

GAINESVILLE HOUSING
AUTHORITY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing ECF No. 1, a *pro se* notice of appeal and brief outlining challenges to state-court proceedings against Gainesville Housing Authority and others. The Court entered an order striking that filing, advising Plaintiff that if he wished to file a case in this Court, he must do so in the form of a complaint. (ECF No. 3.) This case is now before the Court on ECF No. 4, Plaintiff's amended *pro se* complaint. For the reasons discussed below, the undersigned recommends that this case be dismissed.

## DISCUSSION

Plaintiff is no stranger to this Court. He previously has brought four cases in this Court as a tenant against Gainesville Housing Authority and others. Plaintiff's prior complaints generally concerned his complaints

about the conditions of his housing dating back to 2002. In those complaints Plaintiff purported to allege violations of state law as well as 42 U.S.C. § 1983, the Fair Housing Act, and the Americans with Disabilities Act, all of which were dismissed. *See McManus v. Gainesville Housing Authority, et al.*, Case No. 1:08-cv-61-MP-AK; *McManus v. Gainesville Housing Authority, et al.*, Case No. 1:08-cv-110-MP-GRJ; *McManus v. Gainesville Housing Authority, et al.*, Case No. 1:12-cv-68-MP-GRJ; *McManus v. Gainesville Housing Authority, et al.*, Case No. 1-12-cv-93-MP-GRJ. Plaintiff's current complaint is just more of the same except this time he makes no attempt to bring a colorable federal claim and instead makes it clear that he is appealing the adverse rulings and judgments by state judges in the state court litigation Plaintiff brought against the Gainesville Housing Authority related to the conditions of his tenancy.

In Plaintiff's pending complaint—which he again failed to file on the court-approved form— Plaintiff names Gainesville Housing Authority as well as other individuals, each of whom are alleged to be directors or employees of Gainesville Housing Authority. What is remarkable about Plaintiff's twenty-six-page disjointed description of events that took place over the course of fifteen years, including unsuccessful state-court litigation

with the Gainesville Housing Authority, is that the Complaint does not contain even a hint of a claim alleging a violation of a federal right or a violation of a constitutional right.

While Plaintiff's allegations in his complaint are somewhat difficult to construe, a liberal interpretation of Plaintiff's allegations discloses the following events. Plaintiff filed suit in state court against Gainesville Housing Authority alleging breach of a lease agreement and negligence based upon severe flooding and mold in his apartment. Plaintiff says that during the course of the state-court litigation, Gainesville Housing Authority failed to comply with multiple discovery requests, and Plaintiff was coerced into a mediation agreement. Plaintiff also alleges that during the course of his state-court proceedings, Circuit Judges Stan Griffis and Monica Brasington committed reversible error by denying discovery motions and dismissing Plaintiff's case knowing that he had not received any money in damages.

As relief, Plaintiff requests that the Court grant his appeal and order an evidentiary hearing regarding his state-court litigation. He further requests that the Court order Gainesville Housing Authority to comply with Plaintiff's state-court discovery motions.  Plaintiff also requests that the

Court mandate the state judges to change venue for a state-court jury trial. Lastly, he requests a sixty-day extension of time to edit his appeal. In other words, Plaintiff is requesting this Court to overrule the orders of state-court judges.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). While Plaintiff has failed to establish a basis for this Court's jurisdiction in his complaint—as that portion of his complaint was left blank—Plaintiff's requested relief is precluded by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine arises from two Supreme Court cases—*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The theory underlying the doctrine was that only the United States Supreme Court has jurisdiction to review a state-court decision. 18B Charles Allen Wright and Arthur R. Miller, *Federal Practice and Procedure § 4469.1* (2d ed.). The *Rooker-Feldman* doctrine "is a jurisdictional rule that precludes the lower

federal courts from reviewing state court judgments." *Alvarez v Attorney Gen. for Fla.,* 679 F.3d 1257, 1262 (11th Cir. 2012).

The Supreme Court addressed the limits of the doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 554 U.S. 280 (2005). The Court explained that "*Rooker-Feldman* . . . is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Exxon Mobil*, 554 U.S. at 284.

In this case, Plaintiff seeks to have this Court act as an appellate court to review the propriety of the state-court judges' rulings on discovery motions and the dismissal of his state-court case. This is precisely what the *Rooker-Feldman* doctrine precludes this Court from doing. A federal district court lacks jurisdiction to engage in appellate review of state-court proceedings. *Blue Cross & Blue Shield of Md., Inc. v. Weiner*, 868 F.2d 1550, 1554 (11th Cir. 1989). Furthermore, a plaintiff in federal court cannot attempt to disguise an appeal from a state-court judgment by raising a new constitutional theory in federal court. *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992). Therefore, this Court cannot grant the relief requested by Plaintiff because the complaint in this case seeks to appeal the rulings and

judgments issued by the state courts.

While a *pro se* Plaintiff normally would be afforded an opportunity to amend his complaint, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because, even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert any cognizable claims for relief that this Court could properly grant, the Court concludes that amendment of the complaint would be futile.

## RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** without leave to amend.

**IN CHAMBERS**, at Gainesville, Florida, this 6th day of July 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.